IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT GARY MOORE | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. JKB-17-1188 |
| MS. JOHNSON, *Notary* | * | |
| DIVISION OF CORRECTION | | |
|  COMMISSIONER *Name Unknown* | * | |
| WARDEN BISHOP OF N.B.C.I. | | |
| STATE OF MARYLAND, U.S. FEDERAL | * | |
|  CO. | | |
|     Defendants. | | |

*****

## **MEMORANDUM**

On April 28, 2017, the court received for filing the above-captioned 42 U.S.C. § 1983 complaint filed by Robert Gary Moore, a prisoner housed at the North Branch Correctional Institution ("NBCI"). Moore seeks a court order to compel a notary at NBCI to authenticate his state court post-conviction petition and requests compensatory damages of $1,000,000.00 against each of the four defendants. Moore claims that his request to have his post-conviction petition notarized was refused by NBCI Notary Johnson, and he submitted an unnotarized petition to the Circuit Court for Baltimore City on March 2, 2017. He seemingly states that unless a document is submitted to a court notarized, it will not be "considered as being an affidavit." ECF No. 1. Moore's complaint was not accompanied by either the civil filing fee or a motion for leave to proceed in forma pauperis. He shall not, however, be required to cure this deficiency.

To the extent that Moore's complaint for damages may be construed as a civil rights action, raising an access-to-courts claim, his complaint shall be dismissed. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to

the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.

Moore has failed to set out a colorable access-to-courts claim. He does not indicate why and/or how his inability to obtain a notarized post-conviction petition prevents him from proceeding on collateral review in the state court. Indeed, he acknowledges that his self-represented post-conviction petition was received by the Circuit Court for Baltimore City and forwarded to the Office of the Public Defender for processing. ECF No. 1, p. 4. He has failed to allege how his alleged inability to authenticate his post-conviction petition has caused him actual injury. *See Tapp v. Proto, et al.*, 404 F. App'x 563, 566 (3d Cir. 2010) (failure to show actual injury associated with alleged refusal to notarize documents). Given these circumstances, the court finds that he has failed to state a First Amendment access-to-courts claim. The complaint shall be dismissed without prejudice.

Insofar as Moore seeks injunctive relief to compel action on the part of Notary Johnson, his cause of action may be alternately construed as a petition for mandamus relief. This remedy is only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Title 28, United States Code, § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to

compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT &T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n.3 (4th Cir. 1999). Consequently, this court has no authority to provide the mandamus relief sought by Moore. A separate Order follows dismissing the cause of action.

Date: May 2, 2017  /s/
James K. Bredar
United States District Judge